UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                    No. 00-4027

NATHANIEL SULUKI,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-109)

Submitted: October 20, 2000

Decided: November 6, 2000

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, Michael C. Wallace, Sr., Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Nathaniel Suluki appeals his convictions and 120-month sentence for possession with intent to distribute heroin and cocaine base (counts one and three) and possession of heroin and cocaine base (counts two and four). The court sentenced Suluki to three 120-month concurrent prison terms for his possession of cocaine base and possession with intent to distribute convictions and to a twelve-month concurrent term on his conviction for possession of heroin. Suluki was also sentenced to concurrent supervised release terms of five years on counts one and three, three years on count four, and one year on count two. Finally, the district court imposed a $25 assessment on the possession of cocaine base count and a $100 assessment for each of the remaining counts, for a total of $325. For the reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Suluki challenges his convictions on the ground that the evidence was insufficient. In reviewing the sufficiency of the evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

Specifically, Suluki claims that there was insufficient evidence to support his convictions for possession with intent to distribute due to a lack of evidence of his intent. Regarding the cocaine base, the Government presented evidence that Suluki possessed 14.069 grams. This evidence, alone, was sufficient to show intent to distribute. *See United States v. Bell*, 954 F.2d 232, 235 (4th Cir. 1992) (thirteen plus grams of cocaine base was a sufficient quantity to support an inference of intent to distribute). Turning to the heroin count, Suluki possessed

only 3.523 grams of heroin. However, the heroin was packaged in two separate plastic bags, and an officer testified that the amount of heroin was inconsistent with personal use. In addition, Suluki was found in possession of a substantial amount of cocaine base, packaged for sale, as well as a firearm, two pagers, a scale, and a large amount of money. Thus, we find that the evidence was sufficient. *See United States v. Franklin*, 728 F.2d 994, 999 (8th Cir. 1984) (small amount of drugs does not preclude a finding of intent to distribute when additional circumstances evidence such an intent).

Suluki also alleges that there was insufficient evidence to convict him on any of the counts because no reasonable juror could think that he was not framed. However, the officers testified that they found the drugs on Suluki. While Suluki's witnesses supported Suluki's theory, the jury clearly rejected Suluki's defense, and we will not review the jury's credibility determinations. *See Mazzell v. Evatt*, 88 F.3d 263, 270-71 (4th Cir. 1996).

Next, Suluki asserts that the district court should have merged the lesser included offenses of simple possession into the convictions for possession with intent to distribute because the cocaine base offenses were based on the same 14.069 grams of cocaine base and the heroin offenses were likewise based on the same 3.523 grams of heroin; otherwise, Suluki argues, the district court punished him twice in violation of the Double Jeopardy Clause. The government agrees. We therefore vacate Suluki's convictions under counts two and four for possession of heroin and cocaine base.

In conclusion, we affirm Suluki's convictions for possession with intent to distribute heroin (count one) and possession with intent to distribute cocaine base (count three). We vacate Suluki's convictions for possession of heroin (count two) and possession of cocaine base (count four). Finally, because Suluki was sentenced on the basis of four counts and was directed to pay a special assessment for each count, we vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*